FRED KALITA ET AL., PROSECUTORS, v. THE CITY OF
PERTH AMBOY ET AL., RESPONDENTS.

Decided January 18, 1927.

Municipalities—Review of Ordinances—Municipal Improvements
—Certiorari to Review Asked For on Several Grounds, One of
Which is That Ordinance was Passed on First Reading Be-
fore Notice of Intention to Consider was Published—This
Would be Fatal Unless Laches Appear—Evidence Showed
Grossest Laches—Act of 1921 Provides That No Certiorari
Shall be Allowed to Set Aside an Improvement Ordinance
After Contract Therefor has Been Let—Writ Denied.

On rule to show cause why *certiorari* should not be allowed.

Before Justices BLACK and CAMPBELL.

For the rule, *Leo S. Lowenkopf.*

*Contra, Harry S. Medinets.*

PER CURIAM.

This is a rule to show cause why a writ of *certiorari* should
not be allowed to review an ordinance adopted by the city
of Perth Amboy, on September 5th, 1922, entitled "An ordi-
nance to authorize a local improvement, to wit, the paving
of Amboy avenue from Myrtle street, running northwesterly
to the city line as relocated by an ordinance adopted the
21st day of August, 1922, and to provide for the issuance
of not exceeding $165,000 temporary improvement bonds of
the city of Perth Amboy," and also to review the assessments
made against the owners of property for benefits received
from such improvement.

Several reasons are advanced why the writ should be al-
lowed—

1. Because the ordinance does not state that assessments
to be levied upon properties, in the vicinity of the improve-
ment, that will be benefited or increased in value by reason
thereof. Section 8, article 20 of the Home Rule act (*Pamph.
L.* 1917, *p.* 374) is cited in support of this ground, but this

is not so, because it applies only when general appropriations are made for a particular class of work, or for any combination of classes of work.

The ordinance does provide by language both in its title and section 1 that the work shall be done "as a local improvement," and section 1, article 20 of the Home Rule act defines a local improvement as, "* * * one, the cost of which, or a portion thereof, may be assessed upon lands in the vicinity thereof."

2. Because the ordinance does not state what proportion of the cost of the improvement is to be assessed against the property in the vicinity thereof, benefited or increased in value, by reason thereof.

Section 15, article 20, Home Rule act, *supra,* is cited as the basis of this contention. Reference to the section will, however, immediately force the conclusion that its provisions are not mandatory. The preamble to the ordinance also recites the fact of an agreement of the state highway commission to contribute $75,000 toward the cost of the improvement.

3. Because no notice was given to the owners of property in the vicinity of the improvement of the intention of the governing body of the city to consider the undertaking of such improvement.

Section 4, article 20, Home Rule act, *supra,* is cited in support of this reason. The contention is not well founded, however, for two reasons—*first,* because the section cited applies only when the municipality attempts to require house connections for gas, water, sewer, &c., prior to undertaking a street paving improvement; and, *second,* because in the amendment of such section (*Pamph. L.* 1920, *p.* 584), the requirement to mail notices to property owners is omitted.

4. Because the ordinance was passed upon its first reading before notice of intention to consider was published.

This is true and is in violation of section 9 (*Pamph. L.* 1918, *p.* 484), as construed in *Haake* v. *Norwood,* 99 *N. J. L.* 479, and would be fatal unless laches can be considered.

The prosecutors are guilty of the grossest laches. The ordinance was adopted September 5th, 1922, and work upon the improvement commenced soon thereafter. The assess-

ments were confirmed February 8th, 1926, and this rule applied for February 9th, 1926, and allowed March 10th, 1926. During all this period of years prosecutors stood by, allowed the work to proceed, and permitted the expenditure of public funds to be made without making an effort to test the validity of the ordinance, or the proceedings of the city authorities, until the improvement was completed and assessments against their lands made and confirmed. In *Haake* v. *Norwood, supra,* the question of laches was not considered because the writ of *certiorari* was applied for and allowed before the contract for the improvement was entered into.

The positive provision of *Pamph. L.* 1921, *p.* 515 (supplement to Home Rule act), is that no *certiorari* shall be allowed to set aside an improvement ordinance after the contract therefor has been let. This legislative prohibition is too plain to permit its meaning and intent to be questioned.

The final ground is that the ordinance does not meet the statutory requirement by briefly describing the improvement. We find no foundation for this objection.

Our conclusion is, that finding none of the grounds urged presenting reasonably debatable questions, the application for the writ of *certiorari* is denied, and the rule to show cause is discharged, with costs.